(C.D. 3388)

A. N. Deringer, Inc. v. United States

United States Customs Court, Second Division

(Decided April 2, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before Rao, Ford, and Beckworth, Judges

Beckworth, Judge: Counsel for the respective parties have submitted this case for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked A and initialed AHV (Import Specialist's Initials) by Import Specialist Arthur H. Vanderbeek (Import Specialist's Name) on the invoices covered by the above-

entitled protest and entries enumerated on the attached Schedule A, and assessed with duty at 15½% under Par. 356, Tariff Act of 1930 as modified by T.D. 55615, consist of screens similar in all material respects to the merchandise the subject of *A. N. Deringer, Inc.* v. *United States*, 56 Cust. Ct. 477, C.D. 2681, and therein held dutiable at 8½% under Par. 372 as modified by T.D. 54108 as machines for making paper or paper pulp or parts thereof.

Said rate of 8½% was further reduced to 7½% under T.D. 55615 and T.D. 55816 as to merchandise entered or withdrawn from warehouse for consumption between July 1, 1962 and June 30, 1963.

IT IS FURTHER STIPULATED AND AGREED that the items marked "B" and initialed AHV (Import Specialist's Initials) by Arthur H. Vanderbeek (Import Specialist's Name) on the invoices covered by the above-entitled protest and entries enumerated on the attached Schedule A, and assessed with duty at 15½% under said Par. 356 as modified by T.D. 55615, consist of screen plate frames with screen plates similar in all material respects to, and appraised in the same manner as, the screen plate frames with screen plates the subject of said C.D. 2681, wherein the matter was remanded to a single judge to determine the proper dutiable value of the merchandise.

IT IS FURTHER STIPULATED AND AGREED that the record in said C.D. 2681 be incorporated herein and that the protest be submitted on this stipulation, said protest being limited to the merchandise marked "A" or "B" as aforesaid.

In view of this stipulation and on the authority of the decision cited, we hold:

(1) That the merchandise represented by the items marked with the letter "A" and with the initials of the import specialist on the invoices accompanying the entries covered by the protest enumerated on schedule A, attached hereto and made a part hereof, is properly dutiable at 7½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by Presidential Proclamation, No. 3468, 97 Treas. Dec. 157, T.D. 55615; Presidential Proclamation, No. 3479, 97 Treas. Dec. 430, T.D. 55649; Presidential Proclamation, No. 3513, 98 Treas. Dec. 51, T.D. 55816, as machines or parts thereof for making paper or paper pulp, and

(2) That, there being no separate appraisement of the screen plates and the screen plate frames represented by the items marked with the letter "B" and with the initials of the import specialist on the aforesaid invoices, the appraisement of said merchandise is null and void, and the liquidation of the entries as to said merchandise is premature and void.

Accordingly, the protest is sustained insofar as it relates to the merchandise represented by the items marked with the letter "A" as aforesaid, and the protest is dismissed insofar as it relates to the merchandise represented by the items marked with the letter "B,"

as aforesaid, and pursuant to the provisions of 28 U.S.C., section 2636(d), the matter is remanded to a single judge to determine the proper dutiable value of said merchandise in the manner provided by law.

Judgment will be entered accordingly.